# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:19-CR-171-ADA** |
| § | |
| **CHRISTOPHER LEE ISCHY** § | |
| § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession with Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). The Defendant was sentenced to a total term of sixty (60) months imprisonment, followed by a five (5) year term of supervised release. Defendant was released to supervision on October 13, 2023.

On February 6, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his

supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** Nature of Non-Compliance: The defendant violated mandatory condition number 1; The defendant shall not commit another federal, state, or local crime during the term of supervision.
>
> **Violation Number 2:** Nature of Non-Compliance: The defendant violated mandatory condition number 1, The defendant shall not commit another federal, state, or local crime during the term of supervision.
>
> **Violation Number 3**: The defendant violated standard condition number 8; The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
>
> **Violation Number 4:** The defendant violated mandatory condition number 7; If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

On March 4, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead NO CONTEST as to violation numbers 1, 2, 3, and 4. The petition contained a sufficient factual basis to support a plea of NO CONTEST as to all violations. At the hearing, the Government orally withdrew the term "use of a weapon" from the factual basis.

## II. FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of NO CONTEST to the allegations underlying violations 1 through 4.

3.  The Defendant had both a factual and rational understanding of the proceedings against him.

4.  The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.  The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.  The Defendant was sane and mentally competent to stand trial for these proceedings.

7.  The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.  The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.  The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of NO CONTEST to the allegations in violations 1 through 4.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support the Defendant's pleas of NO CONTEST to violation numbers 1 through 4.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that he be sentenced to twelve (12) months and one (1) day imprisonment with credit for time served since his arrest, and no term of supervised release to follow. It is further **RECOMMENDED** that, to the extent possible, Defendant be placed in a Federal Bureau of Prison facility near Bastrop, Texas. It is also **RECOMMENDED** that the term of imprisonment run concurrently with any sentence imposed on the related Bell County charges to the extent those charges proceed.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

 SIGNED this 6th day of March, 2025.

               _____
               DEREK T. GILLILAND
               UNITED STATES MAGISTRATE JUDGE